UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIMMIE L. HAYNES,

      Plaintiff,

               **DECISION AND ORDER**
                10-CV-224A

  v.

DAVID ZAPOROWSKI et al.,

      Defendants.

---

On March 17, 2010, plaintiff commenced this case by filing a complaint that set forth 11 different claims under 42 U.S.C. § 1983 against various combinations of the named defendants. All 11 claims ultimately asserted, in one way or another, that the New York State Department of Parole lacked legal authority to enter plaintiff's apartment after it cited him for parole violations. Defendants subsequently made motions to dismiss for insufficient service of process and for failure to state a claim upon which relief could be granted, under Rule 12 of the Federal Rules of Civil Procedure ("FRCP"). On September 15, 2010, this Court issued a Decision and Order (Dkt. No. 28) that, *inter alia*, directed plaintiff to file an amended complaint clarifying why his claims were legally cognizable given the authority of state parole officers to investigate parole violations as stated in *People v. Huntley*, 371 N.E.2d 794 (N.Y. 1977), and *People v. Johnson*, 472 N.E.2d 1029 (N.Y. 1984).

Plaintiff filed an amended complaint on October 19, 2010 that included documents from his state parole violation proceedings.  As for the Court's original concern that defendants acted well within the boundaries of *Huntley* and *Johnson*, plaintiff's new documentation provides no basis for his apparent argument that a change in parole status strips parole officers of the authority to investigate violations.  Plaintiff's argument would turn *Huntley* on its head by declaring, in essence, that parole officers could allege violations but not substantiate them.  Additionally, however, and contrary to plaintiff's original assertions, his documentation indicates that his parole was not revoked at the time of the searches in question.  At the time of the searches in question, plaintiff only had been cited with multiple violations of parole.  Those citations led later to a decision to add five months of delinquent time to plaintiff's parole.[1]  Because plaintiff was only under investigation for parole violations at the time of the searches, the searches were lawful under *Huntley*.  On this basis alone, the Court finds that plaintiff does not have any cognizable claim and that this case must be dismissed.

The Court will note briefly that plaintiff's documentation provides an additional basis for dismissal as against all of the governmental defendants.

---

[1] That plaintiff eventually was found in violation of parole raises an additional difficulty analogous to the principle from *Heck v. Humphrey*, 512 U.S. 477 (1994), that Section 1983 plaintiffs cannot allege an unlawful conviction or confinement without a successful appeal or collateral attack against the conviction or confinement.

Plaintiff's documentation establishes that the searches in question occurred incident to an investigation for parole violations. This information contradicts plaintiff's claims against defendants Walenta and Kane, which describe how his parole officer, defendant Zaporowski, was acting as an investigator or some sort of agent for Walenta and Kane. In contrast, defendants Walenta and Kane simply spoke to Zaporowski about their own independent investigation of plaintiff concerning fraud against the Department of Veterans Affairs. Walenta and Kane had probable cause to investigate plaintiff based on observations of him that contradicted his applications for benefits on disability grounds. All of the governmental defendants in this case thus were acting in their official capacities and thus are protected by sovereign immunity (in the case of the New York State Department of Parole) or by qualified immunity. *See Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995) ("Government actors performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.") (internal quotation marks and citation omitted).

## CONCLUSION

For all of the foregoing reasons and for the reasons set forth in its prior Decision and Order, the Court grants defendants' respective motions to dismiss (Dkt. Nos. 25, 30, 32) and dismisses plaintiff's amended complaint in its entirety as against all defendants.  The Clerk of the Court is directed to close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: December 22, 2010